BOUTALL, Judge.
The property damage which gave rise to this litigation was occasioned by a fire which occurred on October 9, 1966 at approximately 4:26 AM on the premises located at 7451-53 Dominican Street in New Orleans, Louisiana.
The plaintiffs herein were insured against loss of unscheduled personal property under a fire insurance policy (# A 11-20051^42, Plaintiff Exhibit 5) issued by the defendant, Phoenix Assurance Company of New York.
After trial on the merits, the trial court judge rendered judgment in favor of the plaintiffs, Mrs. Rene Hullender Lockhart and Theodore Pruitt, in the amounts of $962.00 and $1,795.93 respectively, for a total of $2,757.93. From this adverse judgment, the defendant has perfected this appeal.
The defendant-appellant, by way of appellate brief, concedes that the question of liability is not at issue. It is the appellant’s contention that the sole issue before this court is quantum. The appellant submits that the trial court has abused its discretion by the excessive awards granted in relief to the plaintiffs and prays for a reduction in said amounts.
An examination of the trial court transcript reveals that there were but two witnesses called to testify, the plaintiffs. Their uncontradicted testimony is to this effect. On October 9, 1966, a fire occurred on the premises located at 7451-53 Dominican Street in New Orleans, which fire destroyed or ruined personal property belonging to the plaintiffs. Shortly after the said fire, E. J. Helverson, defendant’s agent, was sent to investigate the loss. At the request of the defendant’s agent, the plaintiff compiled a list of their personal property which had been ruined or destroyed. These lists were prepared within a month of the fire, in part from memory, and contained thereon the date of acquisition and the cost price of each of these *535 items. The lists were then turned over to the company agent along with the proof of loss and demand for payment. Defendant, for reason or reasons not disclosed in the record, failed to make payment, and, as a result this law suit was instituted.
At the trial, the agent was not called to testify nor were the submitted lists produced into evidence. One of the plaintiffs, Theodore Pruitt, had in his possession a photocopy of the list he submitted to the agent. This was entered into evidence and Pruitt was able to refer to this listing to assist him in testifying at the trial.
As may be ascertained by reference to Plaintiff Exhibits 1, 2, and 3, the total evaluation of the articles lost by this plaintiff is $2,434.37. Theodore Pruitt was recently married at the time of the fire and many of the items lost were wedding presents still in their original wrappings, et cetera. Pruitt stated that he determined the value of these gifts either by consulting the donors or the particular establishments from whence they were apparently purchased.
The other plaintiff, Mrs. Rene Hullen-der Lockhart, unfortunately did not make a copy of the list she submitted and was forced to testify from memory. Further, Mrs. Lockhart testified under a severe handicap due to the fact that she was under psychiatric treatment prior to and during the time of trial. Nevertheless, she was able to recall a number of the articles of furniture and clothing, as well as their value and condition at the time of the fire. She had purchased a Tappan Gas Range shortly before the fire for which she stated she paid a “little over $300.00”, which was in good condition. The dining room set was purchased for approximately $750.00 and was also in good condition. Although she was unable to recall the acquisition price of her bedroom set, she testified that the inner spring mattress had been purchased for $89.95. As to this party’s personal effects, she testified that she had prepared a list “of the new things I could remember” but which was not a complete listing of the items lost. This plaintiff did, however, recall that she had between six (6) and eight (8) pairs of good shoes ranging in value from $5.00 to $15.00 purchased within a few months of the fire. As to clothing, she testified that she had “ * * * three new coats * * * bought in this last year [1965].” The costs of these coats varied from $15.00 to $49.00. Regarding dresses, she testified that she had six (6) or eight (8) dresses varying in price from $8.00 to $10.00 and one (1) “good dress” which she described in some detail, costing $79.95, and which she had worn but two or three times. Mrs. Lockhart also testified that she had about four (4) or five (5) suits, ranging in price from $18.00 to $25.00. The articles totaled $1,463.90; the amount awarded Mrs. Lockhart was $962.00, which is two-thirds of the value of the items which she allegedly lost in the fire.
The basis for defendant’s position is that the award for both plaintiffs made by the trial judge was 76% of the total value ($3,652.97) of the items destroyed in the fire, a depreciation of only 24% of the original value. Defendant submits that “common knowledge would dictate that a depreciation of such small proportions is quite inaccurate”. However, the record is devoid of any suggested method of depreciation by defendant to the trial court.
Defendant cites two cases to this court to support its contention that the method of depreciation employed by the trial court was manifestly erroneous. An analysis of these two cases, which are also relied upon by plaintiffs, appears to us, to more readily support the judgment of the trial court.
In the first case, Stewart v. Palmisano, 31 So.2d 27, 31 (La.App.Orl.1947), this court recognized the difficulty of exact or precise proof of values of an accumulation of household articles, and affirmed the trial court’s award based only on the testimony of the plaintiff given from *536 memory or aided by a list compiled from memory:
“It is a matter of common knowledge that a householder accumulates his effects over a period of years, and that they are purchased from time to time in various establishments. In the event of a casualty such as fire, one usually is only able to state the cost price of each article from memory. Under the circumstances of this case, it would be unreasonable to expect Mrs. Loflin to prove her damages by any other means. She undoubtedly suffered an extensive loss by reason of the fire, and while the method used by the trial court in computing the amount of the judgment may not be the best that could have been pursued, it seems to us a fair way of arriving at the loss sustained by plaintiff, and we fail to see any error in the judgment.”
The First Circuit Court of Appeal in the case of Nickens v. McGehee, 184 So.2d 271 (La.App. 1st Cir. 1966; writ refused), when confronted with the defendant’s contention that the plaintiffs were improperly allowed to “guess” at the value of their personal property to establish the value of articles lost in a fire, relied on the case of Stewart v. Palmisano, supra, and quoted the language quoted in the above paragraph, stating:
“We are in complete accord with the quoted views expressed by our colleagues in the Palmisano case, supra, since it constitutes a fair and reasonable solution to a most perplexing problem.”
The court in Nickens also expressed the view that generally the measure of recoverable damages to property is the cost of restoration irrespective of market values, and the value of the lost use. This aspect of the case holding was, in part, in response to the testimony of a defense witness who was in the second-hand goods and used furniture business and estimated the market value of plaintiffs’ lost articles. His appraisals were considerably less than the plaintiffs. See also Maryland Casualty Company v. Rittiner, 133 So.2d 172 (La.App. 4th Cir. 1961; writ refused).
The Nickens court in addressing itself to the contention that the trial court had abused its discretion in arriving at the amount awarded stated:
“In the instant case our learned brother below awarded damages in the sum of one-half the itemized list attested by plaintiffs. Where damages cannot be accurately measured or proven, the trial court is vested with considerable discretion in the assessment thereof as may be warranted by the facts and circumstances of each particular case. Sutherlin Sales Co. v. United Most Worshipful St. John’s Grand Lodge of Ancient Free and Accepted Masons, La.App., 127 So.2d 253. An award made under such circumstances will not be disturbed unless it appears the trial court has abused its discretion in fixing the amount thereof. Harness v. Toye Bros. Yellow Cab Co., La.App., 170 So.2d 737; Bethancourt v. Employers’ Liability Assur. Corp., La.App., 153 So.2d 921. In the present case we deduce that the able trial court gave due consideration to all pertinent circumstances and did not abuse its discretion.”
An analysis of the facts as presented in the instant case convinces this court that the claims submitted by the plaintiffs were most reasonable. The defendant has offered no contrary evidence nor has it in essence challenged the method used by the trial court except that it feels a greater percentage of depreciation would be more equitable. The lower court was obviously impressed with the truthfulness of the plaintiffs’ testimony and we observe no basis to disagree.
Where there is a right to recovery, as in the present case, but the damages cannot be accurately calculated, the court has reasonable discretion to fix the quantum as best it can based upon all the facts and *537 circumstances of each particular case. Trahan v. Florida Gas Transmission Company, 208 So.2d 550 (La.App. 3rd Cir. 1968); Campo v. La Nasa, 173 So.2d 365 (La.App. 4th Cir. 1965; writ refused 247 La. 874, 175 So.2d 109).
Accordingly, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.